UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| GRAHAM SCHREIBER,<br><br>    Plaintiff,<br><br>    v.<br><br>LORRAINE LESLEY DUNABIN; CENTRALNIC LTD.; NETWORK SOLUTIONS LLC; VERISIGN INC.; INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS; AND ENOM, INC.,<br><br>    Defendants. | Civil Action No. 1:12-CV-00852 (GBL/JFA) |

**DEFENDANT INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), 12(B)(6)**

I.    **INTRODUCTION.**

In an e-mail from Plaintiff Graham Schreiber to counsel for Defendant Internet Corporation for Assigned Names and Numbers ("ICANN") , Plaintiff appears to oppose ICANN's Motion to Dismiss ("Motion"), although it is unclear whether this e-mail was sent to, or filed with, the Court.  (*See* Declaration of Eric P. Enson, ¶ 2, Ex. A, Plaintiff's Sept. 12, 2012 e-mail ("Plaintiff's e-mail").)  In any event, Plaintiff's e-mail fails to submit evidence or law that changes the conclusion that ICANN is not subject to personal jurisdiction in Virginia.  Nor does Plaintiff's e-mail submit argument or precedent that supports venue in the Eastern District of Virginia.  Finally, Plaintiff's e-mail completely fails to identify any facts that would support a claim against ICANN under the Anticybersquatting Consumer Protection Act ("ACPA").

It remains uncontroverted that ICANN has no office in Virginia, does not employ any individuals to work in Virginia, does not solicit any business in Virginia, does not sell any goods or services in Virginia, does not hold any licenses in Virginia, does not have any phone listings or mailing addresses in Virginia, does not directly pay any taxes in Virginia, does not own any real estate in Virginia, does not hold any bank accounts in Virginia and did not commit any acts or omissions in Virginia causing injury to Plaintiff.  It also remains uncontroverted that the claims asserted against ICANN have nothing to do with this Venue.  Further, it remains uncontroverted that Plaintiff has failed to allege facts sufficient to establish a claim against ICANN under ACPA, or any other statute.  Accordingly, Plaintiff's Complaint against ICANN should be dismissed under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6).

II.    **PLAINTIFF'S COMPLAINT AGAINST ICANN SHOULD BE DISMISSED UNDER RULE 12(B)(2) FOR A LACK OF PERSONAL JURISDICTION.**

ICANN does not have the necessary "minimum contacts" with Virginia to satisfy the State's long-arm statute or the Due Process Clause of the Constitution, as set forth in ICANN's Motion. (Motion at 5-17.)  Plaintiff appears to argue in his e-mail that personal jurisdiction over

ICANN is proper because ICANN, "as the 'Master Franchise,'" has agreements with two Virginia residents, Defendant Verisign, Inc. ("Verisign"), an Internet Registry Operator, and Defendant Network Solutions, Inc. ("NSI"), an Internet domain name Registrar. (Plaintiff's e-mail, Point 1.)  This, however, is not the law.

First, ICANN does not have a "franchise" relationship with Verisign, NSI or any other entity.  Instead, ICANN has a Registry Agreement with Verisign – as it has with every other Registry Operator – regarding management of the .COM Internet top level domain.  (Declaration of Akram Atallah in Support of Motion ("Atallah Decl."), ¶¶ 3-4.)  Likewise, ICANN has a standard Registrar Accreditation Agreement with NSI – as it has with approximately 1,000 other accredited Registrars – relating to the registration of Internet domain names. (*Id.*, ¶¶ 5-6.)  Nothing within these agreements even approaches a franchise relationship. (*Id.*, ¶¶ 3-6.)

Second, and as this Court has previously held, "a contract 'between a resident of the forum state and a non-resident defendant does not, by itself, provide sufficient minimum contacts for personal jurisdiction.'"  *Decision Insights, Inc. v. Quillen*, No. 05-0335, 2005 U.S. Dist. LEXIS 27482, *13-14 (E.D. Va. 2005) (*quoting Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 493 (E.D. Va. 2003)).  Instead, the jurisdictional analysis must focus on the circumstances of the contract's negotiations, the contract's execution, and the relationship the contract has to the forum state.  *Decision Insights*, 2005 U.S. Dist. LEXIS 27482 at *16-*17 (ruling that a contract with a Virginia resident does not support jurisdiction in Virginia over a non-resident defendant "because the agreement does not require [the Defendant] to perform any acts in Virginia."); *Affinity Memory & Micro, Inc. v. K & Q Enter., Inc.*, 20 F. Supp. 2d 948, 952-53 (E.D. Va. 1998) (finding that a contract between a non-resident defendant and the Virginia Plaintiff does not support jurisdiction in Virginia because the contract was negotiated by the defendant in Minnesota and the defendant performed the obligations under the contract in Minnesota); *Processing Research, Inc. v. Larson*, 686 F. Supp. 119, 121-22 (E.D. Va.

1988) (same); *Unidyne Corp. v. Aerolineas Argentinas*, 590 F. Supp. 391, 396 (E.D. Va. 1984) (same).  Here, Plaintiff has failed to present any evidence demonstrating that ICANN's agreements with Verisign and NSI are of the type that would subject ICANN to jurisdiction in Virginia.  For this failure alone, the Court may dismiss the Complaint.  *Bay Tobacco*, 261 F. Supp. 2d at 494 (refusing to find personal jurisdiction over the non-resident defendant where the plaintiff failed to submit evidence demonstrating that the defendant transacted business in Virginia.)  But more importantly, the evidence establishes that:  (i) ICANN negotiated and executed the agreements with Verisign and NSI in California; (ii) ICANN has performed its duties and obligations under these contracts in California; and (iii) California is a focal point of the agreements as all litigation relating to the agreements must be resolved in the "jurisdiction and exclusive venue" of a court located in Los Angeles, California.  (Atallah Decl., ¶¶ 4, 6; Ex. A, ¶ 5.1(b); Ex. B, ¶ 5.6.)  All of this demonstrates that ICANN's agreements with Verisign and NSI do not subject ICANN to personal jurisdiction in Virginia in this matter.

Finally, Plaintiff's claim relating to an abusive domain name registration by Defendant Dunabin, an individual allegedly living in the United Kingdom, does not "arise from" ICANN's agreements with Verisign and NSI, as required by the long-arm statute.  In this Court's words: "The Virginia General Assembly used the phrase 'arising from' to require that there be a causal link between the alleged business activity relied upon to establish personal jurisdiction and the injury alleged in the cause of action." *Pearson v. White Ski Co.*, 228 F. Supp. 2d 705, 708 (E.D. Va. 2002).  "This causation element is more than a mere 'but, for' causation; this element requires causation that is more akin to proximate cause."  *Id.*; *Village Lane Rentals, LLC v. The Capital Fin. Grp.*, 159 F. Supp. 2d 910, 916 (W.D. Va. 2001) (ruling that a non-resident defendant's contacts with the forum state must be the proximate or legal cause of the plaintiff's claim in order to establish personal jurisdiction).  Here, this causal link is missing with respect to

ICANN's agreements and the registration of a single domain name by a third party. (Motion at 9-10.)

In sum, ICANN has no meaningful contacts with Virginia that would support the exercise of jurisdiction over ICANN in this State. Plaintiff's e-mail does not alter this conclusion.

### III. PLAINTIFF'S COMPLAINT AGAINST ICANN SHOULD BE DISMISSED UNDER RULE 12(B)(3) FOR IMPROPER VENUE.

Plaintiff's e-mail selectively quotes from agreements and contracts to which he is not a party – nor a third-party beneficiary – and argues that venue is proper in the Eastern District of Virginia because, again, Verisign and NSI are located within this District. (Plaintiff's e-mail, Point 2.) But Plaintiff's argument ignores the fact that the alleged improper registration of Plaintiff's domain name occurred outside this District (Compl., pp. 1, 3), the alleged harm was suffered outside this District, (*id.*, Compl. Cover Letter), and, as set forth above, ICANN has no significant contacts with this District. Moreover, the essence of the Plaintiff's dispute is between himself, a Canadian citizen, (*id.*, Compl. Cover Letter), and Defendant Dunabin, an alleged citizen of the United Kingdom. (*Id.*, p. 1, 3.) Accordingly, Plaintiff's claims are unrelated to this District and should therefore be dismissed.

### IV. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM AGAINST ICANN.

Plaintiff's e-mail appears to argue that his purported claim under ACPA should proceed because he is a *pro se* plaintiff. (Plaintiff's e-mail, Point 3.) While there is no doubt that *pro se* litigants should be given some latitude, Plaintiff has simply failed to allege any facts that would support an ACPA claim against ICANN, as set forth in ICANN's Motion. (Motion at 18-19.) Specifically, Plaintiff's *pro se* status does not relieve him of the requirement that he allege facts supporting the basic elements of his claim. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("in the case of *pro se* litigants, [District Courts] cannot be expected to construct

full blown claims from sentence fragments . . . ."). This, Plaintiff has not done, and his Complaint should therefore be dismissed for failure to state a claim against ICANN.

## V.  CONCLUSION

Nothing in Plaintiff's e-mail changes the conclusion that Plaintiff has sued the wrong defendant in the wrong court – ICANN has no meaningful contacts with Virginia that would support personal jurisdiction or venue in the Eastern District of Virginia and Plaintiff cannot maintain a claim under ACPA against ICANN. For these reasons, Plaintiff's entire Complaint should be dismissed with respect to ICANN.

Dated:  September 20, 2012

Respectfully submitted,

*/s/ Walter D. Kelley, Jr.*

Walter D. Kelley, Jr. (VA Bar. No. 21622)
Tara Lynn R. Zurawski (VA Bar No. 73602)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001-2113
Email: wdkelley@jonesday.com
Email: tzurawski@jonesday.com
Telephone: (202) 879-2113
Facsimile: (202) 626-1700

Eric P. Enson (admitted *pro hac vice*)
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Email: epenson@jonesday.com
Telephone: (213) 243-2304
Facsimile: (213) 243-2539

*Attorneys for Defendant INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS*

## CERTIFICATE OF SERVICE

      As Plaintiff Graham Schreiber is proceeding *pro se* in the above entitled action, he is not registered with the ECF system and cannot be served electronically.  I certify that on September 20, 2012, a copy of the foregoing was filed electronically with the Clerk of Court using the ECF system, which will send notifications to any ECF participants, and was served via First Class Mail on the following:

| | |
|---|---|
| Lorraine Lesley Dunabin<br>1 Chalder Farm Cottages, Chalder Lane<br>Sidlesham, Chichester, West Sussex<br>United Kingdom<br>PO20 7RN | *DEFENDANT* |
| CentralNic Ltd.<br>35-39 Moorgate<br>London<br>United Kingdom<br>EC2R 6AR | *DEFENDANT* |
| Network Solutions LLC.<br>13861 Sunrise Valley Dr., Suite 300<br>Herndon, VA<br>USA<br>20171 | *DEFENDANT* |
| Verisign Inc.<br>12061 Bluemont Way<br>Reston, VA<br>USA<br>20190 | *DEFENDANT* |
| eNom Inc.<br>5808 Lake Washington Blvd, Ste. 300<br>Kirkland, WA<br>98033<br>USA. | *DEFENDANT* |
| Graham Schreiber<br>5303 Spruce Ave.<br>Burlington, Ontario<br>Canada<br>L7L-1N4 | *PLAINTIFF* |

Dated: September 20, 2012

        */s/ Walter D. Kelley, Jr.*

        Walter D. Kelley, Jr. (VA Bar. No. 21622)
        JONES DAY
        51 Louisiana Avenue, NW
        Washington, DC 20001-2113
        Email: wdkelley@jonesday.com
        Telephone: (202) 879-2113
        Facsimile: (202) 626-1700
        Email: wdkelley@jonesday.com

        *Attorney for Defendant INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS*