UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION.

GRAHAM SCHREIBER,
Plaintiff,

v.

LORRAINE LESLEY DUNABIN; CENTRALNIC LTD.;
NETWORK SOLUTIONS LLC; VERISIGN INC.;
INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS;
AND ENOM, INC.,

Defendants.

CASE NO. 1:12-cv-00852.



**OPPOSITION TO: Verisign Inc's BREIF for Motion to dismiss.**

To the points raised in "Introduction".

The ".com" being employed by Lorraine Dunabin & CentralNic **IS NOT** "extraterrestrial".

CentralNic with offices in the United States, includes an enterprise with Network Solutions; and I have a Cyber-Office, in Virginia, therefore we are both **"IN PERSONAM"**.

Lorraine Dunabin also becomes "In Personam".   By obliging herself to the contracts of both eNom & CentralNic, **(CentralNic bound by Network Solutions / ICANN Rules)** she binds herself to the ".com" rules, regulations & jurisdiction, which is ... "In Personam" ... through the contract service providers, as a "party" using the www.UK.com from which, or in which, she holds and uses a page, (sub domain) with my protected brand name.

When one desires, uses and represents a ".com" with their service, they are bound by the Governing Laws of Virginia & the United States, for termination of use and liability, at all 'levels".

I use the created word of "Landcruise" - worldwide - in bone fide commerce and conversation, primarily without the ".com" mentioned, to define both my brand and theme of service.

The inclusion of ".com" is akin to saying Landcruise.com, as a communications device, supporting the written presentation of the website & email communications, all of which reside in Virginia, with Network Solutions.

Through the fraudulent service offered by CentralNic, posing as a VeriSign equal **"simultaneously local and global Internet Identity"** ... DOMAIN NAME, not a 'legal' IANA listed Top Level Domain, of ".com" Lorraine was empowered to "Trade As" a Landcruise, in the most prominent of TLD's the ".com"  making her feel as though she had suitable grounds to secure a Trademark, in the UK, based on the UK.com.

Her Trademark was secured on a fraudulent basis, by a person willfully desiring to use my branded name, "Landcruise" in the UK, with a UK.com (Domain Name, not TLD) where I actively presented my brand & service, aided by "Contributory Infringement" from CentralNic.

Had VeriSign currently, or when it owned Network Solutions, executed the Terms & Conditions issued by / with ICANN, this "infringement" and many, many others, would never have occurred.   Thus, by failure to follow the rules, VeriSign "Accommodated" the "Contributory Infringement".

(Page 1)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION.

I'll be reintroducing documents into the Courts file, specifically identifying sales agents of CentralNic & ICANN, who have identified ... VeriSign Global Registry Services, as a supporting party!

Exhibits named as : **"BB-Online"** and **"101 Domains"**. The Court is asked to notice the identification of VeriSign, in the following locations.

> 101 Domains: "Terms & Conditions. VeriSign runs the CentralNic British domain registry."
> BB-Online: "organization: VeriSign Global Registry Services"

Within "Schreiber's Additional "Exhibits" to Complaint" Page 14 of 58. You'll notice that CentralNic's IP Number, located on the RIPE System in Holland, run by VeriSign, according to Diego at VeriSign chatroom, identifies support by VeriSign-GRS. = **VeriSign Global Registry Services,** which returns to the "terrestrial" location in Virginia.

```
213.146.149.134
OrgName:    RIPE Network Coordination Centre
OrgId:      RIPE
Address:    P.O. Box 10096
City:       Amsterdam
StateProv:
PostalCode: 1001EB
Country:    NL
<a href="http://registrar.verisign-grs.com/cgi-bin/whois?whois_nic=NS1.CENTRALNIC.NET&amp;type=nameserver" onclick="popupHelp('http://registrar.verisign-grs.com/cgi-bin/whois?whois_nic=NS1.CENTRALNIC.NET&amp;type=nameserver');
return false;" target="_blank">NS1.CENTRALNIC.NET</a>
```

The complete example is enclosed & named as "CentralNic, RIPE System & VeriSign-GRS"

**About the Alias Filing:**

The complaint was in the presence of CT Corporation on November 16th, 2012 and the arrival was anticipated by Michelle, based on earlier conversations.

CT Corp, acting as Official, Receiving Party, constitutes "Service Made". Redistribution to the appropriate parties, has no bearing on the timeline.

The Complaint was Stamped July 31st and elapsed time to November 16th is = 108.

From and including: Tuesday, July 31, 2012 To, but not including : Friday, November 16, 2012

It is 108 days from the start date to the end date, but not including the end date, so liberally, add three (3) days to Monday and the timeline is (111) One Hundred & eleven days.

With an overwhelming time span, VeriSign's activities in the Internet Industry, with ICANN and in owning Network Solutions, has shown, as I've presented, the presence of vast numbers of "Red Flags" for VeriSign and it's member companies.

As such, they **ARE NOT** immune from provisions in the Lanham Act. "Knowing" and "Knowledge" is presented, to a point where the Courts will easily see "Willful Blindness".

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF VIRGINIA

# ALEXANDRIA DIVISION.

II Facts:

A) Addressed, in existing communications.
B) Addressed, in existing communications.
C) Addressed, in existing communications.

III Argument:

A. Legal Standard.
> Subject Matter Jurisdiction, see part B.
> Insufficiency of Service of process, see part D.

B. There is no Subject Matter Jurisdiction.

Subject Matter Jurisdiction was addressed on October the 19th, 2012 and "Landcruise" is a "bona fide" "Mark in Commerce" protected by States Law, in Virginia. Because the "communications centre" is domiciled in the State and has been since 2006, on the Servers of Network Solutions, for both the website ... communicating the "branded" "mark" as a stand-alone, created word, describing the services offered.

This is a 'rental accommodation' of office space, in the United States Governed municipality of "Cyberspace" anchored in the Eastern District of Virginia. As a "Non-Resident" of the United States, this is the best legally available presence I can attain.

C. "Schreiber Fails to make a Claim." The "Claim" is "Accommodating" the ACPA.

1. The Complaint IS NOT "unintelligible" it methodically explains both the "Case History" between Ms. Dunabin, with her willful intent to "Infringe" by exploiting the use of a DOMAIN NAME, not a 'legal' ccNSO sanctioned ccTLD, as indexed in the IANA Root.

VeriSign would also know of "Infringement" within the ".com" because they have ... yet another service, which is managing Country Codes, as ccTLD with "The Name Store ccTLD with a Guidebook".

This business manages many ccTLD's as legally sanctioned by IANA, and includes Nominet, the United Kingdoms ".UK" Registry, of which UK.com is not included, as .UK & .COM are both TLD's.

Ms Dunabin thought she could get away with a UK.com; however, the "Contributory Infringement" of CentralNic, aided by eNom / Demand Media "Accommodating" same, placed Ms. Dunabin in direct conflict with myself; and the American Department of Justice, for Title 15, Chapter 22, Sub-Chapter III, Section 1125 §1125. False designations of origin, false descriptions, and dilution forbidden.

There is a "short & plain statement". It's composed in my original complaint, found in Section 3 "Allegations" the VeriSign aspect is addressed "plainly" on pages 13, to 17.

I accurately describe the parties individual & collective work as a "Weave" and where suitable, place ICANN contractual rules of service, for VeriSign, into the explanation.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION.

2.  VeriSign d/b/a Global Registry Services, is claimed (and shown) to have "Accommodated" the "Contributory Infringement" which, in turn, allowed Loraine the opportunity to "Infringe" by not terminating the CentralNic portfolio of Domain Name's.

3.  "Safe Harbors" is **NULL & VOID** in the Digital Millennium Copy-write Act because of the illustrated presence of a **VAST NUMBER of "Red Flags".**   Akin to Lockheed Vs Network Solutions, the presence and proof of "knowing" eliminates protection.

In the case of Network Solutions, (owned by VeriSign) "knowing" became "participating" and it's there that I became "ransomed" to buy the Sub-Domains, or incur additional **"simultaneously local and global Internet Identity"** frauds popping-up.

4.  Done in other parts of this same document and in files currently in the care of both the Courts & Mr. Hyland.   Once again, the claim is **"Accommodating"** having "knowledge" is "knowing" of CentralNic and individually & collectively, nothing was done by ICANN, Network Solutions under VeriSign, or Network Solutions alone, or VeriSign.

### D. Insufficiency of Service of process, see part D.

On the date of October 19th, 2012 during the original Hearing(s) before both Honorable Judges Lee & Anderson, Mr. Hyland when questioned, was **UNABLE** to explain the desires of his client, for Service, as he was not informed and ill prepared.

During the Second Hearing, Judge Anderson, perhaps familiar with the motto stated, as the culture of Mr. Hylands Firms, gave him what they purport to furnish.

Mr. Hyland was instructed to IMMEDIATELY determine the desire of his client, VeriSign, for Process of Service, and inform me of their unique procedures, which he dutifully undertook, so that I could send the "Alias Summons" to their desired party, which I did.

I communicated with the assigned business and dutifully sent the Signed, Stamped and Dated Summons, to *C T Corporation System,  Att: Michelle Pinsonneault, 4701 Cox Road, Suite 301, Glen Allen, VA. 23060-6802*

Once UPS sent me the delivery confirmation, I printed it, completed the Return Certificate of the AO 440, filling in the spaces required, then returned it, with the original Summons to the Court.

This firm meets (i) being *"in a judicial district of the United States"* and is further, in the district of the specific Court.

Mr. Hylands filing mentions *"served (a) through .. personal service .."*   This conflicts with the mandate published in the Pro Se Handbook, where it states -  *"The summons and complaint may be served by any person not less than 18 years of age who is not a party to or has an interest in the subject matter of controversy."*

I'm a "party" to this, as such, am prevented from being "Personal" to serve the Defendants chosen agent."
http://www.vaed.uscourts.gov/resources/pro%20se/documents/CompleteAlexProSeRefHandbook.pdf  "

I contracted UPS to deliver to required package, securing required signature on receipt, to the desired party, for actioning by internal means to either or both VeriSign & Mr. Hyland.  Accordingly, I'm enclosing copies of my communication with both Mr. Hyland; and his clients Process Service Company, showing the instructions given.
　　　　　　　　　　Exhibit listed as:    Hyland / CT Corp. with 5 pages.

(Page 4)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION.

About the rules: Mr. Hyland cites 4(h):. I've looked at the Courts rules, listed at http://www.vaed.uscourts.gov/localrules/LocalRulesEDVA.pdf and am unable to locate the mentioned rule.

Having established a reputation with the Clerk's office of Sincerity, Good Will & Good Humor, I'm fortunate to have them extend me the kindness of communication, perhaps beyond their standard duty.

*** NO LEGAL ADVICE, JUST CLERICAL HELP! *** and I respectfully attach a copy of the Clerk's office note, enclosed with Summons, with instructions, of which I followed.

Intent on meeting the criteria of the Court and learning where he thinks I've failed, I "Googled" the exact set-of-words, that Mr. Hyland gave; and nothing appears.

Enclosed please find attached two (2) exhibits, which are "screen shots" of my Google searches, named **"Fed. R. Civ. P. 4(h)"** and **" Fed. R. Civ. P. 4(h) Unless federal law provides other"** neither of which show the text mentioned in part D of submission, with the text of 4(h)

Mr. Hyland is "Admitted to Practice" in multiple Jurisdictions, as listed, so perhaps that 4(h) is derived in ... District of Columbia, Maryland, Virginia, West Virginia, U.S. Supreme Court, U.S. District Court, Eastern District, Virginia, U.S. District Court, District of Maryland, U.S. District Court, District of Columbia, U.S. Court of Appeals, 4th, 6th, 9th and 10th Circuits; because as the Google pages show, I looked but couldn't find the problem identified, in the VAED website.

This thoughtful investigation will illustrate that I've dedicated myself to follow the rules; and made concerted efforts follow same, by learning where, *perhaps*, I may have strayed.

My other observation is, Mr. Hyland's angst maybe located at the *"To: (Defendant's Name and address)*

The "AO 440" Summons sent to the Court, as enclosed as with *"Hyland / CT Corp"* it listed the CT Corporation, then, when it was returned to me, it was ... kindly ... edited by the Clerk's Office, in an effort to help.

NOT being Legal advice, it was intended a **kind & helpful** administrative edit, being hand written and placing VeriSign Inc. D/B/A Global Registry Services, above the CT Corporation!

Thoughtfulness was applied, intending to be helpful, it was perhaps an error ??

In keeping with our Presiding Judge's philosophy, over always striving for excellence, with particular reference to identifying errors, before Trial, so they maybe resolved, I request the Court to consider "Service" done.

I wanted to paste the quote here; however, the listing was edited two days ago! > http://en.wikipedia.org/wiki/Gerald_Bruce_Lee#Commentary - This page was last modified on 10 December 2012 at 17:58. <

In conclusion; and in the Spirit of Justitia, these collective efforts, our mutual conversation at both - two - Hearing's on the 19th, of October; and the multiple streams of email contact, constitute their "knowing" of the Summons.

In keeping with this, they say, they can't interpret it. Given the length of reply, with attention to details, it clearly illustrates that, it's been read, understood & addressed by both the Defendant and their Attorney.

I look forward to our next meeting.