**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| GRAHAM SCHREIBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:12cv852  GBL/JFA |
| | ) |
| LORRAINE LESLEY DUNABIN, *et al*., | ) |
| | ) |
| Defendants. | ) |

**VERISIGN, INC.'S**
**BRIEF IN OPPOSITION TO "MOTION OF CONTINUANCE"**

Defendant VeriSign, Inc. (named in the Complaint as Verisign Global Registry Services) ("VeriSign"), by counsel, submits the following as its brief in opposition to the "Motion of Continuance" (Dkt. 82), filed herein by the plaintiff, Graham Schreiber ("Mr. Schreiber").

VeriSign is unable to discern what Mr. Schreiber seeks through this motion.  By Memorandum Opinion and Order dated March 29, 2013 (the "Final Order"), his Complaint was dismissed, for want of subject matter jurisdiction.  This Court also held that Mr. Schreiber failed to assert a claim pursuant to trademark rights in the United States, and with respect to VeriSign and the other registrar and registry defendants, in that they are immune from suit under the Safe Harbor Provision of the Lanham Act.

Mr. Schrieber's instant motion seems to reargue the same points which this Court already has rejected.  He deems his motion to be three things, in the disjunctive:  (1) a "Rebuttal"; (2) a "Motion of Continuance"; or (3) an "Appeal".  To the extent he seeks to "rebut" the Court's Final Order, a motion such as this one is not the means of doing so, and indeed this is not the

appropriate forum for doing so.  As to his request for a "continuance," it is unclear what date or dates he seeks to continue or modify.  And, to the extent he contends this is an "appeal," while he certainly has the right to appeal the Final Order, his instant motion is not the proper means for doing so, nor is this Court the proper venue for prosecuting an appeal.

This is yet another example of Mr. Schreiber's unintelligible, frivolous filings in this action, which have resulted in unnecessary and substantial costs to VeriSign and its co-defendants.  In *Richardson v. Williams*, 2007 WL 3355669 (W.D.N.C. Nov. 9, 2007), the Court, confronted with a similar pattern, stated:

> The undersigned finds the Plaintiff's filing to be frivolous. The Court specifically notes that the filing does not qualify as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Moreover, even if it were so construed, it would be untimely. *Fed. R. Civ. P. 59(e)* ("Any motion to alter or amend a judgment shall be file no later than 10 days after entry of the judgment.").
>
> Likewise, the Court specifically finds that the motion does not qualify as a motion for relief from an order pursuant to Federal Rule of Civil Procedure 60(b). The language of the motion is nonsensical and unintelligible.
>
> The Plaintiff is once again placed on notice that continued frivolous filings may result in the imposition of sanctions, including a prefiling injunction. "A federal court may issue a prefiling injunction when a litigant's vexatious conduct hinders the court from fulfilling its constitutional duty." *In re Head,* 174 Fed. Appx. 167 (4th Cir. 2006), citing *Procup v. Strickland,* 792 F.2d 1069, 1073-74 (11th Cir. 1986).

The instant motion should meet the same fate.

_/s/_  Timothy B. Hyland
Timothy B. Hyland
Virginia Bar No. 31163
Attorney for VeriSign, Inc.
Ifrah PLLC
1717 Pennsylvania Avenue, N.W., Suite 650
Washington, D.C.  20006
Tel.:   (202) 524-4152
Fax:   (202) 524-4141
thyland@ifrahlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of April, 2013, true copies of the foregoing, together with copies of the Notice of Electronic Filing associated therewith, were mailed, first class mail, postage prepaid, to the following non-registered users of the ECF system:

> Graham Schreiber
> 5303 Spruce Avenue
> Burlington, Ontario, Canada  L7L 1N4
>
> Lorraine Lesley Dunabin
> 1 Chalder Farm Cottages, Chalder Lane
> Sidlesham, Chichester, West Sussex
> United Kingdom  PO20 7RN

and that true copies of the foregoing were transmitted through the Court's ECF system the same date to:

> Jeremy David Engle, Esquire
> Steptoe & Johnson LLP
> 1330 Connecticut Avenue, N.W.
> Washington, D.C.  20006
>
> Walter Dekalb Kelley, Jr., Esquire
> Jones Day
> 51 Louisiana Avenue, N.W.
> Washington, D.C.  20001
>
> David G. Barger, Esquire
> Greenberg Traurig, LLP
> 1750 Tysons Boulevard, Suite 1200
> McLean, Virginia  22102

> /s/  Timothy B. Hyland
> Timothy B. Hyland
> Virginia Bar No. 31163
> Attorney for Verisign, Inc.
> Ifrah PLLC
> 1717 Pennsylvania Avenue, N.W., Suite 650
> Washington, D.C.  20006
> Tel.:   (202) 524-4152
> Fax:   (202) 524-4141
> thyland@ifrahlaw.com

4819-3914-8307, v. 1