IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| GRAHAM SCHREIBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-852 (GBL-JFA) |
| ) | |
| LORRAINE LESLEY DUNABIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Continuance (Doc. 82.) and Motion for Investigation by FBI or ICE. (Doc. 83.) On March 29, 2013, this Court issued its Memorandum Opinion and Order granting Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction. (*See* Doc. 81.) The Court held that it lacked jurisdiction over Plaintiff's trademark infringement action because the Lanham Act could not be applied extraterritorially where Plaintiff alleged the infringing acts occurred exclusively outside the United States and concerned marks neither registered nor used in the United States. See *Schreiber v. Dunabin*, No. 1:12-cv-852, 2013 WL 1457834, __ F. Supp. 2d __ (E.D. Va. Mar. 29, 2013). Subsequently, Plaintiff filed a Motion for Continuance, seeking reconsideration of the Court's March 29, 2013 Order based on the purported misrepresentations made by Defendants concerning their involvement in the registration of several domain names, which Plaintiff alleged contributed to the infringing conduct. Additionally, Plaintiff filed a Motion for Investigation by FBI or ICE, seeking a court-ordered investigation of Defendants' purported failure to monitor and enforce regulations concerning domain name registration. The Court addresses each Motion in turn.

First, the Court denies Plaintiff's Motion for Continuance (Doc. 82), which the Court construes as a motion for reconsideration. Plaintiff declares his Motion to be a "rebuttal," "motion

for continuance," or "appeal." However, after reviewing the statements contained in his Motion, the Court considers the Motion as one for reconsideration. Nonetheless, the Court denies the Motion because it is largely nonsensical and unintelligible. Plaintiff's Motion opens with his averment that Defendants committed fraud on the Court by misrepresenting facts to the Court in their Motions to Dismiss. Plaintiff then submits eleven pages of excerpts from unidentified sources, which are barely discernible but seem to be his "evidence" that Defendants have made statements which contradict their prior representations made throughout this litigation. However, Plaintiff fails to connect these purported inconsistent statements to actual representations made to the Court. Therefore, the Court finds Plaintiff's Motion to be unintelligible and frivolous. Accordingly, the Court denies the Motion, finding no legitimate basis in either law or fact to reconsider its ruling. To the extent Plaintiff seeks further review of this Court's Order, Plaintiff may exercise his right to appeal this Court's Order to the United States Court of Appeals for the Fourth Circuit pursuant to the Federal Rules of Civil and Appellate Procedure.

Second, with respect to Plaintiff's Motion for FBI or ICE Investigation, the Court considers Plaintiff's Motion to be frivolous, entirely lacking any articulable legal argument. Further, the Court holds that, in any event, it lacks jurisdiction to order the initiation of such a request as those matters are committed to the Executive, not the Judiciary. Plaintiff's frivolous filings and incoherent papers do not warrant further action.

**IT IS HEREBY ORDERED** that Plaintiff's Motions (Docs. 82, 83) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk close and remove this case from the Court's active docket.

**IT IS SO ORDERED**.

ENTERED this 15th day of May, 2013.

Alexandria, Virginia
5/15/2013

_____/s/_____
Gerald Bruce Lee
United States District Judge